The Honorable Neely Cassady State Senator P.O. Box 810 Nashville, Ar 71852
Dear Senator Cassady:
This is in response to your request for an opinion regarding the applicability of Act 669 of 1993 to two sales and use taxes passed by the voters of Howard County in 1991. Your opinion request indicates that the two 1/4% taxes in question, which were levied in connection with the construction and operation of a new jail, were passed pursuant to the provisions of A.C.A. §14-164-301 et seq. (1987 and Cum. Supp. 1991).
Your question involves § 14-164-334(a) (1987), which currently provides, in pertinent part, that any sales and use tax levied pursuant to that subchapter shall be levied and collected only to a maximum tax of twenty-five dollars ($25.00) on each single transaction. Act 669 of 1993 amended § 14-164-334(a) to provide that "any sales and use tax levied pursuant to this subchapter shall be levied and collected only on the first two thousand five hundred dollars ($2,500) of gross receipts, gross proceeds or sales price from a single transaction." You state that Act 669 will operate to reduce the amount of taxes collected under the two measures in question and ask whether the Act can be applied retroactively to "remove" part of this local tax passed by the people.
In my opinion, the answer to your question is "yes." By its own terms, Act 669 applies to all municipal or county sales or use taxes levied pursuant to Arkansas law, either before or after its passage. Section 6 of the Act provides:
 Any municipal or county sales or use tax levied pursuant to the laws of this state shall be levied and collected only on the first two thousand five hundred dollars ($2,500) of gross receipts, gross proceeds or sales price from a single transaction. This provision shall apply to all municipal and county sales and use taxes heretofore or hereafter adopted and shall be in addition to and not in lieu of any other limitations imposed by law.
It is my opinion that Act 669 applies to the two sales and use taxes passed by the voters of Howard County. While the Act may reduce the amount of money collected pursuant to those taxes, thereby requiring collection of the taxes for a longer period than may have been anticipated originally, it does not appear to actually remove part of or otherwise alter the taxes themselves. I am aware of no legal prohibition against this result, and must advise compliance with the Act's terms.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh